Nathan C. Volheim
Attorney Email Address: nvolheim@sulaimanlaw.com
SULAIMAN LAW GROUP
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 568-3056
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mitchell L. Tate, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION, 47 U.S.C. § 227** |
| Progress Residential, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## CLASS ACTION COMPLAINT

The Plaintiff MITCHELL T. TATE ("Plaintiff"), by and through the undersigned, and on behalf of himself and all others similarly situated, complains as to the conduct of PROGRESS RESIDENTIAL, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action, on behalf of himself and numerous other similarly situated individuals, against Defendant pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

2. Plaintiff further brings this action, on his own behalf and in his individual capacity, against Defendant pursuant to the Georgia Fair Business Practices Act ("GFBPA") under O.C.G.A. § 10-1-390 *et seq.* in connection with Respondent's unlawful conduct.

## JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the instant claims occurred within, the District of Arizona.

## PARTIES

5. Plaintiff is a consumer over 18 years of age residing in Coney, Georgia.

6. Defendant is a property management entity that owns, services, and/or manages a number of residential properties across the country. Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 7500 North Dobson Road, Suite 300, Scottsdale, Arizona 85256.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Plaintiff is a resident at one of Defendant's properties located in Conley, Georgia.

9. In approximately the fall of 2022, Defendant was contacting Plaintiff on his cellular phone, (504) XXX-0869, attempting to collect purported past due rent obligations.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0869. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Plaintiff was confused as to why he was getting calls from Respondent, given that he was current on his rent payments to Defendant.

12. In approximately September or October of 2022, when Plaintiff was able to speak with a live person, Plaintiff told Defendant that he was current on his payments, and demanded that Defendant stop calling his cellular phone.

13. Despite Plaintiff's demands, Defendant has continued calling Plaintiff's cellular phone up until the filing of this Complaint seeking the collection of illusory and nonexistent past-due-rent.

14. Plaintiff has reiterated his demands that Defendant's phone calls cease on a number of occasions, yet Defendant has persisted in placing repeated phone calls to Plaintiff's cellular phone.

15. Many of Defendant's phone calls placed following Plaintiff's demands that the calls cease resulted in Defendant leaving prerecorded and/or artificial voice messages on Plaintiff's cellular phone.

16. Furthermore, on calls Plaintiff did answer, he was frequently greeted with an artificial and/or prerecorded voice prior to being connected to any live representative.

17. Plaintiff has received dozens of communications from Defendant using artificial and/or prerecorded voice messages despite Plaintiff's repeated demands that the phone calls cease.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, emotional distress, being the target of erroneous collection efforts, and numerous violations of his state and federally protected interests to be free from invasive and deceptive practices of businesses like Defendant.

20. Upon information and belief, Defendant's conduct directed towards Plaintiff is indicative of a pattern and practice wherein Defendant continues to place calls to consumers using artificial

and/or prerecorded voice messages even after such consumers have requested that no such calls occur.

21. All of Defendant's phone calls to Plaintiff's cellular phone number subject to this action occurred within the four years preceding the date of the filing of the Complaint in this matter.

**CLASS ACTION ALLEGATIONS**

22. Plaintiff brings this action on behalf of himself and others similarly situated against Defendant for its violations of the TCPA.

23. Plaintiff brings this action against Defendant, both on his own behalf and as a class action on behalf of the following class of similarly situated individuals (the "Class"):

> All persons residing in the United States to whom Defendant placed collection calls, to such persons' cellular phones, using prerecorded messages and/or artificial voice messages, absent prior express consent, within four years preceding the filing of this Complaint through the date of class certification.

24. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

25. Upon information and belief, the Class outlined above consists of hundreds or more persons throughout the United States such that joinder of the Class members is impracticable.

26. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the TCPA, particularly because the questions of law and fact are based on a common course of conduct by Defendant as it relates to the Class members.

27. Plaintiff and the members of the Class were harmed by the acts of Defendant in, *inter alia,* the following ways: Defendant illegally contacted Plaintiff and putative Class members via their cellular phones thereby invading upon Plaintiff and putative Class members' privacy and causing Plaintiff and the Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members pay.

28. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories and course of conduct, and Plaintiff has no interests that are antagonistic to the interests of the Class members.

29. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

30. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Class include, but are not limited to: (i) whether Defendant utilized prerecorded or artificial voice technology when calling Plaintiff and putative Class members; (ii) whether Defendant had the requisite prior express consent to contact Plaintiff and putative Class members using prerecorded or artificial voice messages; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and putative Class members' cellular phones using prerecorded or artificial voice technology; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using prerecorded or artificial voice messages without their consent.

5

34. Defendant's use of prerecorded messages in its contacts made towards Plaintiff and the Class underscores that its conduct in relation to such Class is within the ambit of the TCPA.

35. Defendant violated the TCPA by placing repeated and persistent phone calls using artificial or prerecorded voice messages Plaintiff's and the Class members' cellular phones using prerecorded or artificial voice messages absent prior express consent. Defendant either lacked permission to place such phone calls or had any previously-provided consent revoked. Defendant used prerecorded and/or artificial voice messages messages on answered calls as well as when leaving messages on Plaintiff and putative Class members' cellular phones.

36. The calls placed by Defendant to Plaintiff and the Class members were regarding business activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

37. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the Class members for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff and the Class members are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MITCHELL L. TATE, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel for the Class;

c. Awarding damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff and putative Class members' costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff and putative Class members; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**
PLAINTIFF INDIVIDUALLY AGAINST DEFENDANT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by O.C.G.A. § 10-1-392(a)(6).

40. The GFBPA, pursuant to O.C.G.A. § 10-1-393, states that "[u]nfair or deceptive acts or practices in the conduct of trade and commerce are declared unlawful."

41. Defendant violated the GFPBA for its unfair and deceptive efforts to attempt to collect payment from Plaintiff through repeated harassing phone calls when he was current on his obligations to Defendant. Defendant never should have been contacting Plaintiff attempting to collect past due payments. However, it not only began placing such calls, but persisted in its harassing collection contacts directed to Plaintiff for months trying to collect something it had been repeatedly told was not owed by Plaintiff and notwithstanding Plaintiff numerous demands that the phone calls cease. In was both unfair and deceptive for Defendant to suggest that Plaintiff owed something when he didn't, and Defendant went about collecting this completely illusory obligation through unfair and unreasonable means.

WHEREFORE, Plaintiff, MITCHELL L. TATE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff injunctive relief pursuant to O.C.G.A. § 10-1-397(a)(2)(A);

c. Awarding Plaintiff actual damages, pursuant to O.C.G.A. § 10-1-390 *et seq.*;

d. Awarding Plaintiff's costs and reasonable attorneys' fees pursuant to O.C.G.A. § 10-1-399(d); and,

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 30, 2023                                         Respectfully submitted,

<u>s/ Nathan C. Volheim</u> (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
*Pro hac vice application pending*
Sulaiman Law Group, Ltd.
 2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com
